## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

BENJAMIN CORTEZ GOMEZ,    )
    Plaintiff,           )
                        )
    v.               )    Case No. 3:25-cv-02002-SEM
                        )
MICHAEL DOWNEY *et al.*,    )
    Defendants.          )

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended

Complaint (Doc. 21) filed under 42 U.S.C. § 1983 by Plaintiff

Benjamin Cortez Gomez, an inmate at Federal Correctional

Institution Terre Haute. Plaintiff's Motion for Leave to File an

Amended Complaint is denied for the following reasons.

### I. BACKGROUND

Plaintiff filed a Complaint (Doc. 1) alleging constitutional and

state law violations at Jerome Combs Detention Center ("JCDC").

Specifically, Plaintiff alleged that during the forty-one months he

was detained at JCDC, he was not permitted access to natural

sunlight and fresh air. Plaintiff asserted that he complained to

Kankaee County Sheriff Michael Downey and JCDC Chief of Operations Chad Kolitwenzew, through JCDC's grievance process, about the lack of outdoor recreational or common areas. On at least one occasion, Kolitwenzew confirmed that JCDC did not afford any outdoor recreation to detainees. (Mer. Rev., Doc. 7 at 3-5.)

Following screening of Plaintiff's pleading, the Court determined that Plaintiff stated a conditions-of-confinement claim against Defendant Kolitwenzew in his individual capacity only. In this regard, the Court determined that allegations of widespread conditions of confinement throughout a jail may justify the inference that the official had sufficient knowledge of and involvement in the violation. The Court also determined that Plaintiff stated a claim against Defendant Downey in his official capacity, "due to the construction and operation" of JCDC "without any outdoor spaces for detainees to receive direct sunlight or fresh air." (*Id.* at 5-6.)

However, the Court dismissed Plaintiff's state law claim of intentional infliction of emotional distress ("IIED"), concluding that the alleged conduct of depriving him of sunlight and fresh air by not

releasing him from JCDC was not extreme and outrageous under existing law. (*Id.* at 8.)

## II. AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Additional Claims

"In bringing a conditions-of-confinement claim, a pretrial detainee 'can . . . prevail by showing that the actions are not "rationally related to a legitimate nonpunitive governmental

purpose" or that the actions "appear excessive in relation to that purpose."" *Reed v. Bowen*, 769 F. App'x 365, 369 (7th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)).

Plaintiff's proposed amended pleading seeks to add two new Defendants and renew his IIED claim to his existing Fourteenth Amendment conditions of confinement claims against Defendant Kolitwenzew in his individual capacity and Defendant Downey in his official capacity.

Plaintiff explains that after receiving discovery, he learned that JCDC Lieutenant L. Perkins and Corporal Memenga responded to Plaintiff's November 21, 2022, grievance in which he raised his existing conditions of confinement claims. Despite Plaintiff's assertion that Perkins and Memenga disregarded his plight, his account does not state a plausible claim against either of them.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). A guard who stands and

watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not. *George*, 507 F.3d at 609-10. Additionally, "[b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (holding that grievance examiner's rejection of complaint as untimely without investigation was not deliberate indifference).

State law claims "rely on the court's supplemental jurisdiction." *Dixon v. County of Cook*, 819 F.3d 343, 351 (7th Cir. 2016) (citing 28 U.S.C. § 1367(a)); *see also Benson v. Cady*, 761 F.2d 335, 343 (7th Cir. 1985) ("A federal court may, in its discretion, entertain state law claims when a plaintiff's complaint presents a substantial federal question and the federal and state claims 'derive from a common nucleus of operative fact.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))).

To prevail on a claim of intentional infliction of emotional distress under Illinois law, a plaintiff must show that "(1) the defendants engaged in 'extreme and outrageous' conduct; (2) the defendants 'either intended that [their] conduct would inflict severe emotional distress, or knew there was a high probability that [their]

conduct would cause severe emotional distress'; and (3) the defendants' 'conduct in fact caused severe emotional distress.'" *McGreal v. Village of Orland Park*, 850 F.3d 308, 314 (7th Cir. 2017) (quoting *Zoretic v. Darge*, 832 F.3d 639, 645 (7th Cir. 2016)); *see also Dixon*, 819 F.3d at 351 ("In Illinois, this tort requires a showing of (1) extreme and outrageous conduct by the defendant, (2) either intent to cause distress or knowledge that there was a high probability that the defendant's conduct would cause severe emotional distress, and (3) severe emotional distress that actually resulted.").

"For conduct to be extreme and outrageous it must go 'beyond all bounds of decency' and be 'considered intolerable in a civilized community.'" *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010) (quoting *Lopez v. City of Chicago*, 464 F.3d 711, 721 (7th Cir. 2006) (citations omitted)). "

As noted, the Court dismissed Plaintiff's IIED claim, concluding that the allegations against Defendants Downey and Kolitwenzew could not plausibly or fairly be characterized as extreme and outrageous. (Mer. Rev., Doc 7 at 9.)

In his amended pleading, Plaintiff provides a listing of the

negative physical and mental consequences that can occur based on the prolonged deprivation of direct sunlight and fresh air, as noted by "Boston University researchers." (Amend. Compl., Doc. 21 at 4-5). Although Plaintiff does not cite the document he relies upon, the listed mental and physical conditions include weak bones, reduced lung development, deteriorating eyesight, and severe anxiety, among other serious conditions, that Plaintiff does not demonstrate he experienced. *See Roe v. Elyea*, 631 F.3d 843, 864 n.19 (7th Cir. 2011) ("[U]nder tort principles applicable in § 1983 actions, a plaintiff must show that 'he has suffered an "actual" present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant.'") (quoting *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999)).

Thus, despite Plaintiff's conclusory assertion that "Defendants engaged in extreme and outrageous conduct," his listing does not establish or permit the inference that Defendants Downey or Kolitwenzew possessed the requisite intent to inflict that damage or that Plaintiff experienced the mental and physical harm listed.

Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is denied.

**IT IS THEREFORE ORDERED:**

**Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 21) is DENIED.**

ENTERED April 22, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE